**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORCON, INC., <br><br> Plaintiff, <br><br> CHAMPION PAINTING SPECIALTY SERVICES CORP., <br><br> Intervenor Plaintiff, <br><br> v. <br><br> DELAWARE RIVER PORT AUTHORITY OF THE COMMONWEALTH OF PENNSYLVANIA AND THE STATE OF NEW JERSEY, <br><br> Defendant. | 1:21-cv-10146-NLH-SAK <br><br> **MEMORANDUM OPINION & ORDER** |

**APPEARANCES**:

LAURA MARTIN
WILLIAM G. KELLY (*pro hac vice*)
GERBER CIANO KELLY BRADY LLP
150 GRAND STREET
SUITE 610
WHITE PLAINS, NY 10547

    *On behalf of Plaintiff Corcon, Inc.*

MICHAEL A. FERRARA, JR.
THE FERRARA LAW FIRM, LLC
601 LONGWOOD AVENUE, STATE HIGHWAY 38
CHERRY HILL, NJ 08002

MARK E. CEDRONE (*pro hac vice*)
CEDRONE & MANCANO, LLC
230 SOUTH BROAD STREET – SUITE 1100
PHILADELPHIA, PA 19102

    *On behalf of Intervenor Plaintiff Champion Painting Specialty Services Corp.*

```
CHRISTOPHER R. GIBSON
WILLIAM J. O'KANE, JR.
WILLIAM L. RYAN
ARCHER & GREINER, P.C.
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033
```

   *On behalf of Defendant Delaware River Port Authority of the Commonwealth of Pennsylvania and the State of New Jersey*

**HILLMAN, District Judge**

   WHEREAS, this matter concerns the third and final phase of a project to paint the Commodore Barry Bridge, which is operated by Defendant Delaware River Port Authority of the Commonwealth of Pennsylvania and the State of New Jersey ("DRPA"), and DRPA's April 5, 2021 decision to re-bid the Phase 3 contract, on which Corcon, Inc. and Champion Painting Specialty Services Corp. bid; and

   WHEREAS, on April 23, 2021, Corcon, Inc. filed a complaint and request for injunctive relief against DRPA concerning DRPA's intent to re-bid the contract; and

   WHEREAS, after a hearing on June 10, 2021 and the submission of supplemental briefing, on June 28, 2021, the Court granted the motion of Champion Painting Specialty Services Corp. to intervene in this action to assert its request for injunctive relief against DRPA concerning DRPA's intent to re-bid the contract; and

   WHEREAS, on July 1, 2021, Corcon filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i);

2

and

WHEREAS, Fed. R. Civ. P. 41(a) provides:

(a) Voluntary Dismissal.

  (1) By the Plaintiff.

    (A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

      (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

      (ii) a stipulation of dismissal signed by all parties who have appeared.

    (B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

  (2) By Court Order; Effect. Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice; and

WHEREAS, Corcon filed its Fed. R. Civ. P. 41(a)(1)(A)(i) notice of voluntary dismissal without a stipulation signed by all the parties or a court order because DRPA had not served an answer or a motion for summary judgment; and

WHEREAS, on July 8, 2021, Champion filed a motion styled,

"MOTION to Strike 48 Notice of Voluntary Dismissal" [51]; and

WHEREAS, Champion argues that because significant time and effort has been already expended by the parties and the Court concerning Champion's motion to intervene and the requests for injunctive relief, the Court should construe the extensive proceedings to date as the equivalent of an answer or motion for summary judgment, and not permit Corcon to dismiss its case against DRPA without prejudice, which would leave open the opportunity for Corcon to reassert its claims against DRPA in a new action, and subvert Rule 41's purpose and policy considerations; and

WHEREAS, Champion argues in the alternative that because its motion to intervene was granted, it stands in the same position as Corcon as the plaintiff, and it should be permitted to pursue its claims against DRPA as if it had instituted this action originally; and

WHEREAS, the Court finds that Fed. R. Civ. P. 41(a)(1)(A)(i) explicitly permits Corcon to dismiss its claims against DRPA without this Court's intervention, and the Court has no reason or mechanism for precluding Corcon from doing so under the current procedural posture of this case, see, e.g., Sciore v. Phung, 2019 WL 4126651, at *2 (D.N.J. 2019) (where the plaintiff filed a Fed. R. Civ. P. 41(a)(1)(A)(i) voluntary notice of dismissal, and the defendant filed a motion to vacate

4

the voluntary notice of dismissal under Rule 60(b) so the court could enforce the parties' settlement agreement, the court noting that a Fed. R. Civ. P. 41(a)(1)(A)(i) voluntary notice of dismissal is "a product of Plaintiffs' deliberate, strategic choice," and Court had no mechanism under Rule 60(b) to prevent the plaintiff's availment of Rule 41(a)(1)(A)(i)); and

WHEREAS, as this Court noted in the Opinion addressing Champion's motion to intervene, "the intervenor is treated as if the intervenor were an original party and has equal standing with the original parties," and "the intervenor is entitled to litigate fully on the merits once intervention has been granted," 7C Wright & Miller Fed. Prac. & Proc. Civ. §§ 1919, 1920 (3d ed.); and

WHEREAS, Corcon's voluntary dismissal of its claims against DRPA does not impact Champion's ability to prosecute its claims against DRPA as if it had been a plaintiff from the inception of this case;

THEREFORE,

IT IS on this ___3rd___ day of ___September___, 2021

ORDERED that the MOTION to Strike 48 Notice of Voluntary Dismissal by CHAMPION PAINTING SPECIALTY SERVICES CORP. [51] be, and the same hereby is, DENIED; and it is further

ORDERED that the Clerk of the Court shall address Corcon's Fed. R. Civ. P. 41(a)(1)(A)(i) notice of voluntary dismissal as

5

it would in the normal course of docket administration, and amend the docket to reflect the current position of the parties, with Champion as Plaintiff (and no longer Intervenor Plaintiff) and DRPA as Defendant.[1]

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] This Court's findings regarding the proper application of Fed. R. Civ. P. 41(a)(1)(A)(i) to Corcon's notice of voluntary dismissal, and this Court's direction to the Clerk to implement Corcon's Fed. R. Civ. P. 41(a)(1)(A)(i) notice of voluntary dismissal, do not constitute a final judgment, order, or proceeding that would provide any party recourse under Rule 60(b) or any other rule that would serve to undermine Corcon's ability to voluntarily dismiss its claims without Court intervention under Fed. R. Civ. P. 41(a)(1)(A)(i).